IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2003 Session

## STATE OF TENNESSEE v. CONSUELA P. CARTER

**Appeal from the Circuit Court for Rutherford County**
**No. F-51990     Don R. Ash, Judge**

---

**No. M2002-01100-CCA-R3-CD - Filed March 27, 2003**

---

The defendant, Consuela P. Carter, appeals the Rutherford County Circuit Court's denial of full probation for her conviction for possessing with intent to sell less than one-half gram of cocaine, a Class C felony. She was sentenced to five years, with probation after serving nine months. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Russ F. Eagle, Murfreesboro, Tennessee, for the appellant, Consuela P. Carter.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that on September 1, 2001, the defendant was the passenger in a car that was traveling on Sam Ridley Boulevard. A Rutherford County police officer noticed that the car did not have any brake lights and that its driver and passenger appeared to be smoking a marijuana cigarette. The officer stopped the car, and the driver admitted to smoking marijuana. During a search of the car, the officer found a small bag of marijuana and crack cocaine. The defendant told the officer that the drugs were hers and that she had more drugs on her person. The officer retrieved about 3.5 grams of crack cocaine from the defendant, and she was indicted for possessing one-half gram or more of cocaine with intent to sell and simple possession of marijuana. Pursuant to a plea agreement, the defendant pled guilty on March 12, 2002, to possessing with intent to sell less than one-half gram of cocaine and received a five-year sentence with the manner of service to be determined by the trial court. The charge of simple possession of marijuana was dismissed.

At the sentencing hearing, the defendant acknowledged that she had committed a crime but said that in the last nine months, she had changed. She said that she had stopped using drugs and that she was going to work and church. She said that she had been working at the Hampton Inn for nine months and that she also took care of her young niece and nephew. She said that she was worried about having to go to jail and that she would not use drugs anymore. She said that she was not receiving treatment for her drug problem but that she was going to work and keeping God in her life. She said that if the trial court required her to seek drug treatment as a condition to her probation, she would welcome it. She said, though, that she did not think she would start using drugs again because she had too much to lose if she went to jail. She acknowledged having prior convictions for simple possession and driving on a suspended license but said that she had no prior felony convictions.

On cross-examination, the defendant said that she was on her way to a party when the police officer stopped her and that the marijuana and cocaine she was carrying were for her and her friends. She said that she did not hang around those friends anymore, that she had learned her lesson, and that she was "done with it." She said that for her last drug conviction, she received probation and had to take random drug tests for six months. She said that she stayed off drugs during that six month period and that she never failed a drug test. She said that after the six month period, she started using drugs again because she was hanging around the wrong group of people. She said that she had been raising her sister's two children since they were two years old and that the children stayed with her mother when she went to parties. She said that although she had done drugs while raising the children, she had never done drugs in front of them. Upon questioning by the trial court, she said that she continued to use marijuana after her arrest for the offense in question and acknowledged that in the presentence report, she stated that the last time she smoked marijuana was on February 15, 2002. She said that she had stopped partying and was drug-free.

Colleen Carter, the defendant's mother, testified that she loved the defendant and that she did not want the defendant to go to jail. She said that the defendant had stopped hanging around the defendant's usual friends, worked every day, and had joined the church. She said that the defendant's September arrest was a wake-up call for the defendant and that the defendant was stressed over her conviction. She said that the defendant was good-hearted and was very important in the lives of the defendant's niece and nephew. She said that the defendant was strong and would stay off drugs but that a drug treatment program might help the defendant. She said that she did not think the defendant would use drugs again and that she would keep her eye on the defendant.

The defendant's presentence report reveals that the then thirty-year-old defendant dropped out of high school in the eleventh grade and did not obtain her GED. In the report, the defendant stated that she was in good physical and mental health and that she drank alcohol occasionally. She also said that she began using marijuana when she was seventeen years old and that she started using cocaine at age twenty-two. According to the report, the defendant was working at the Hampton Inn as a housekeeper and worked at Steven's Grocery from 1994 until 1997. The report shows that the defendant has prior convictions for simple possession, driving on a suspended license, and criminal impersonation.

The trial court determined that the defendant should spend nine months of her five-year sentence in incarceration. In denying her request for full probation, the trial court noted that the defendant smoked marijuana about two months before the hearing and said the following:

> Ma'am, in considering whether or not to [suspend] your sentence, let me tell you what I looked at. First of all I looked at your high school education and you've been out for quite a while and really haven't done anything to further your education until that time.
>
> You've done really nothing to rehabilitate yourself except for the last two months when you had a jail sentence over your shoulder. You have been working. But your work history is spotty at best. You seem to be in good physical and mental condition.
>
> In considering your prior criminal record, I think . . . it is limited. Two of those offenses [were] driving while license is suspended. And then you pled guilty to a serious offense, which is this possession of crack cocaine.
>
> So, based upon those things I'm going to find that this is an appropriate sentence for split confinement. . . .

The defendant contends that the trial court erred by denying her request for full probation. She claims that she should have received full probation because she is a young woman, has only misdemeanor prior convictions, and cares for two children. She also contends that the trial court should not have used her presentence report admission to using marijuana on February 15 against her and that her sentence of nine months in confinement is disproportionate to other defendants in similar circumstances. The state contends that the trial court properly sentenced the defendant. We agree with the state.

Appellate review of the manner in which a sentence is to be served is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant seeking full probation bears the burden on appeal of showing that the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). "Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public." State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App.

1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). Also, a defendant's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether probation is appropriate. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); see Tenn. Code Ann. § 40-35-103(5).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on her own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Initially, we note that any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See Tenn. Code Ann.§ 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to her conviction. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. This court notes that failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under Tenn. Code Ann. § 40-35-210(b). In any event, we conclude the trial court did not err in denying the defendant's request for full probation.

Relative to the defendant's admission of drug use to the presentence officer, we note that a similar admission was used by the trial court in the recent case of State v. George J. Johnson, No. M2002-01054-CCA-R3-CD, Williamson County (Tenn. Crim. App. Dec. 10, 2002), to deny judicial diversion. In reversing the trial court, this court stated the following:

> We acknowledge the trial court's concern with the Appellant's prior uncharged drug use as set forth in the pre-sentence report. Although a relevant factor, we remain mindful of the fact that the pre-sentence report was never intended to serve the purpose of gathering incriminating evidence to punish the offender. The offender is encouraged to be truthful and participate in the preparation of the pre-sentence report in order that information provided may be utilized by the sentencing court in arriving at an individualized sentence. To use the offender's statements within the report against the offender is counter-productive in that it discourages truthfulness and is inconsistent with the purposes of the pre-sentence report.

George J. Johnson, slip op. at 3. Similarly, in this case the defendant contends that the trial court should not have used her statement in the presentence report that she used marijuana on February 15, 2002, against her. However, as noted in George J. Johnson, information contained in the presentence report is necessary in order for the trial court to determine the appropriate sentence for a defendant. Given that a trial court is required to consider a defendant's potential or lack of

potential for rehabilitation in requests for full probation, we believe the trial court properly took the defendant's admission into account. Also, unlike George J. Johnson, in which the trial court based its decision to deny judicial diversion primarily on the defendant's admission to prior drug use, the record in this case reflects that the trial court considered other factors such as the defendant's poor employment history, her failure to obtain a GED, and her prior criminal record.

At the sentencing hearing, the defendant claimed that she had stopped taking drugs and was "done with it." However, when cross-examined about her admission in the presentence report, the defendant acknowledged that she had smoked marijuana two months before the hearing. Moreover, she stated that for her prior drug conviction, she managed to stay off drugs for six months but resumed her drug use as soon as drug screens were no longer required. The fact that the defendant has failed to seek treatment indicates that she does not believe she has a drug problem and that she does not reflect a high potential for rehabilitation. In light of this and the other circumstances in the defendant's case, the trial court did not err in denying her request for full probation.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE